UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RAQUEL BAKER, : | |
|     Plaintiff : | |
| : | |
| v. : | C.A. No.: |
| : | |
| THE NATIONAL COUNCIL OF : | |
| INCARCERATED AND FORMERLY : | |
| INCARCERATED WOMEN AND GIRLS, INC.: | |
|     Defendant : | |

## COMPLAINT

### I. Introduction

This is an action brought by Plaintiff against the Defendant seeking compensatory, punitive, and liquidated damages, as well as attorneys' fees, litigation expenses and other equitable relief, arising out of violations of the Rhode Island Wage Act ("RIWA"), R.I.G.L. §28-14-1, *et seq*. and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq*. ("RICRA").

### II. Parties

1.    The Plaintiff is a resident of the City of East Providence, County of Providence, State of Rhode Island.

2.    Defendant, The National Council of Incarcerated and Formerly Incarcerated Women and Girls, Inc. (the "National Council"), is a non-profit corporation duly organized pursuant to the laws of the Commonwealth of Massachusetts. During all relevant times herein, Defendant National Council conducted business within the State of Rhode Island.

### III. Jurisdiction

3.    This Court has jurisdiction over the Plaintiff's claims through diversity jurisdiction pursuant to 28 U.S.C.A. §1332(a) insofar as the amount in controversy exceeds $75,000.00,

exclusive of interest and costs, and there is diversity of citizenship between the Plaintiff and the Defendant.

## IV. Venue

4. Venue is proper in this Court insofar as a substantial portion of the events or omissions giving rise to the within claim occurred in the State of Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391.

## V. Material Facts

5. In January, 2022, the Plaintiff began working at Defendant National Council through its paid 5-month fellowship program in Rhode Island.

6. During her employment through the fellowship program, the Plaintiff was paid $500.00 per week.

7. That the Defendant misclassified the Plaintiff's employment status as an independent contractor, when the Plaintiff should have been considered and paid as an employee of the Defendant.

8. During all relevant times, Defendant National Council maintained control of the Plaintiff's work relationship with the Defendant, including, but not limited to, requiring the Plaintiff to travel to Defendant's Roxbury, MA location, controlling the amount of hours and days the Plaintiff worked in any given workweek, controlling the amount of hours and days the Plaintiff was required to attend virtual training, and controlling Plaintiff's daily activities, including project work, investigatory work and team check-ins.

9. The Plaintiff was also required to attend all training programs and Defendant National Council called the Plaintiff on her phone if she was late in logging in for the virtual training.

10. In addition, during the fellowship program, staff at the Defendant National Council regularly referred to the program as "work" or as a "job."

11. As a result of the misclassification of the Plaintiff as an independent contractor, the Defendant failed and/or refused to provide the Plaintiff certain employment benefits, including, but not limited to, health and dental insurance coverage, reimbursement of health insurance expenses, paid sick and vacation time, and other work-related benefits.

12. As a result of this misclassification, the Plaintiff suffered other financial harm, including, but not limited to, increased income taxes and lack of unemployment benefits.

13. The Defendant National Council's unlawful actions and/or omissions are in violation of the RIWA and were motivated by malice and ill will toward the Plaintiff, and the Defendant's actions were taken with reckless and callous indifference to the statutorily protected rights of the Plaintiff.

14. As a proximate result of the Defendant's unlawful acts and/or omissions, including, but not limited to, those described herein, the Plaintiff has suffered and will continue to suffer loss of income, loss of employment benefits, and great harm.

### B. Disability Discrimination

15. On or about June 21, 2022, following completion of her fellowship program, the Plaintiff was hired as a full-time employee at Defendant National Council.

16. The Plaintiff held the position of Field Organizer for the FreeHer Campaign and worked in Rhode Island.

17. During all relevant time periods, the Plaintiff's work performance was satisfactory and met Defendant National Council's legitimate expectations.

18. While employed at Defendant National Council, the Plaintiff was subjected to workplace discrimination on account of her disability.

19. The Plaintiff suffers from a Traumatic Brain Injury ("TBI") due to a motor vehicle accident and has partial paralysis on the left-side of her body.

20. During the fellowship program and prior to the Plaintiff being hired as a full-time employee, most employees at Defendant National Council, including its Executive Director, Andre James, were aware that the Plaintiff was disabled.

21. Ms. James was well aware of the Plaintiff's physical limitations, including her inability to drive, as a result of her TBI.

22. Despite knowing that the Plaintiff was disabled, Ms. James hired the Plaintiff as a full-time employee.

23. At the time of her hire, Ms. James told the Plaintiff that, in light of her disability, Defendant National Council would partner the Plaintiff with another employee to drive her to site-visits as needed.

24. In September, 2022, Ms. James' husband unexpectedly passed away. Thereafter, the Plaintiff began reporting to Shay Smith, a Coordinator at Defendant National Council.

25. Approximately, one (1) week prior to the Plaintiff's termination on October 24, 2022, Ms. Smith spoke with Jordan E. Mazurek, the former Director of Grassroots Strategy at Defendant National Council.

26. During that conversation, Ms. Smith expressed frustrations with the Plaintiff's communication style, forgetfulness, and other issues that were easily attributable to the Plaintiff's TBI.

27. In response, Jordan informed Ms. Smith that the Plaintiff was disabled and that Ms. Smith should work with the Plaintiff on certain accommodations to address any apparent work issues.

28. Ms. Smith was clearly unaware of the Plaintiff's disability.

29. During the same conversation with Jordan, Ms. Smith then made disparaging comments to Jordan about the Plaintiff's TBI and associated physical and mental limitations, such as "[w]e can't be dealing with all of that."

30. Within a week after being informed about the Plaintiff's disability, Ms. Smith terminated the Plaintiff from her employment on October 24, 2022.

31. At no time during the Plaintiff's employment did Ms. Smith or any other management-level employee at Defendant National Council discuss any workplace accommodations with the Plaintiff.

32. Instead, Ms. Smith and Defendant National Council made the unsubstantiated decision that the Plaintiff was disabled or regarded her as being disabled and unable to perform her job and thus terminated her employment.

33. Defendant National Council refused to engage in a dialogue with the Plaintiff to determine a reasonable workplace accommodation for her disability or perceived disability.

34. Defendant National Council failed and/or refused to offer the Plaintiff a reasonable workplace accommodation.

35. Even if the Plaintiff was not suffering from a "disability," at all relevant times Defendant National Council regarded and/or perceived the Plaintiff as being disabled, and rather than provide the accommodation reasonably required by the Plaintiff under the circumstances, Defendant National Council terminated the Plaintiff's employment.

36. That Defendant National Council discriminated against the Plaintiff on account of her disability and/or perceived disability, including failing to provide her a reasonable workplace accommodation and terminating her employment, in violation of the RICRA.

37. As a proximate result of the Defendant's unlawful and/or discriminatory employment practices, including, but not limited to, those described herein, the Plaintiff suffered and will continue to suffer loss of income, including past and future salary, damage to her business and personal reputation, mental and physical anguish, pain and suffering, and other great harm.

## VI. Claims for Relief

38. The Plaintiff incorporate in the counts below the allegations contained in paragraphs 1-37 above.

### Count One
### Violation of RIWA, R.I.G.L. §28-14-19.1

39. Defendant National Council, by its acts and/or omissions, including, but not limited to, those described herein, violated the RIWA by misclassifying the Plaintiff as an independent contractor, thereby causing the Plaintiff to suffer damages as aforesaid, for which she is entitled to relief pursuant to R.I.G.L. §28-14-19.2 and/or other applicable law.

### Count Two
### Unlawful Discrimination—R.I.G.L. §42-112-1, *et seq.*

40. Defendant National Council, by its acts and/or omissions, including, but not limited to, those described herein, discriminated against the Plaintiff in employment on account of her disability or perceived disability in violation of the RICRA, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the RICRA.

## VII. Prayers for Relief

**WHEREFORE**, the Plaintiff respectfully prays that this Court grant the following relief:

1. a declaratory judgment declaring that the Defendant willfully violated the RIWA in the manner complained of herein;

2. in the alternative, a declaratory judgment declaring that the Defendant violated the RIWA in the manner complained of herein;

3. a declaratory judgment declaring that the Defendant unlawfully discriminated against the Plaintiff in violation the RICRA in the manner complained of herein;

4. enjoining and permanently restraining the Defendant from violating the RIWA and the RICRA;

5. award the Plaintiff back pay, including incremental increases and other benefits, plus prejudgment interest thereon;

6. award the Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus prejudgment interest thereon;

7. award the Plaintiff punitive damages;

8. award the Plaintiff liquidated damages pursuant to R.I.G.L. §§28-14-19.1 and 19.2(a).

9. award the Plaintiff interest, reasonable attorney's fees, and costs;

10. award the Plaintiff other appropriate equitable relief pursuant to R.I.G.L. §28-14-19.2(a); and,

11. grant such other and further relief as this Court deems just and proper.

### VIII. Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable.

### IX. Designation of Trial Counsel

The Plaintiff hereby designates Michael D. Pushee, Esquire, as trial counsel.

PLAINTIFF,
By her attorneys,
**LAW OFFICE OF MICHAEL D. PUSHEE**

Dated: November 14, 2023           /s/ Michael D. Pushee_____
                                   Michael D. Pushee (#6948)
                                   100 Midway Road, Suite 16
                                   Cranston, RI 02920
                                   (401) 214-9820
                                   (401) 214-9820 (facsimile)
                                   mpushee@pusheelaw.com

## **CERTIFICATION**

I hereby certify that on the 14th day of November, 2023, I caused the within to be electronically filed with the Clerk of the U.S. District Court for the District of Rhode Island using the CM/ECF System.

                                   /s/ Michael D. Pushee_____